No. 96-6190, U.S. v. Johnson

Attachment (lower court order) not available electronically.

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARION JOHNSON,

    Defendant-Appellant.

No. 96-6190
(D.C. No. CIV-96-199)
(W.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ms. Johnson was convicted of twenty-five drug related crimes and unsuccessfully appealed to this court. See *United States v. Johnson*, 911 F.2d 1394 (10th Cir. 1990). Ms. Johnson then filed a pro se motion to correct her sentence alleging the sentencing court erred "in incorporating the mandatory minimum sentence" and arguing she should have been granted parole. This was treated as a 28 U.S.C. § 2255 (1994) motion and was denied.

Approximately two years later Ms. Johnson again filed a pro se § 2255 motion raising five issues: (1) the minimum mandatory sentence did not apply to her offenses; (2) the sentencing court erred in calculating her base level offense using the entire quantity of drugs distributed over the course of the conspiracy; (3) the sentencing court erroneously imposed a sentence of supervised release; (4) her due process rights were violated when the government estimated the cutting agent without testing the drug for purity; and (5) ineffective assistance of counsel.

The district court found Ms. Johnson's first assertion (her sentence should not contain the mandatory minimum) barred as successive and the remaining issues barred as she failed to raise those issues on direct appeal and has not presented sufficient evidence to overcome the procedural bar. We attach a copy of the trial court's eight-page order.

The district court also concluded:

> Defendant fails to show that counsel's performance was deficient and that she was prejudiced as a result. Although her substantive claim for ineffective assistance of counsel is not barred by her failure to raise the issue on direct appeal, the court has determined that these claims lack merit. Accordingly, her substantive claim for ineffective assistance is denied and the above claims are procedurally barred.

We must first address the question of whether to grant a Certificate of Appealability. Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, a certificate of appealability is required to appeal a denial of a motion filed pursuant to 28 U.S.C. § 2255. The district court entered an order denying Ms. Johnson a certificate of appealability concluding she had failed to make a substantial showing of the denial of a constitutional right. We agree with the district court.

We deny Ms. Johnson a certificate of appealability. Ms. Johnson's first four claims are either abusive or successive and she has failed to show cause and prejudice for her failure to raise them either on direct appeal or in her first § 2255 motion. Additionally, Ms. Johnson has failed to make an adequate showing of actual innocence. As to her claim of ineffective assistance of counsel, we have reviewed the record on appeal and conclude Ms. Johnson's allegations in this

regard are conclusory and should not therefore be considered. For example, Ms. Johnson alleged "[t]he defendant's defense attorney failed to challenge the sentence as requested by the defendant and as a result the defendant is sitting in prison with a large prison sentence for drugs that she did not foresee." Alternatively, this court reads Ms. Johnson's contentions regarding her claim of ineffective assistance of counsel as being tied to the imposition of the mandatory minimum sentence, a claim decided adversely to Ms. Johnson by the district court in Ms. Johnson's first § 2255 motion. We cannot again review this claim simply because it has been recast in the clothing of an ineffective assistance of counsel claim.

Ms. Johnson's motion for the grant of a certificate of appealability is denied. The appeal is **DISMISSED** for a lack of jurisdiction.

**Entered for the Court:**

**WADE BRORBY**
United States Circuit Judge